UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Dawn Southard, ) ) Petitioner, ) ) v. ) ) ~~Major Jovan Haines,~~ Director of the Alvin S. ) Glenn Detention Center, ) ) Respondent. ) ) | C/A No. 9:25-cv-11913-RMG-MHC **REPORT AND RECOMMENDATION** |

Petitioner Kimberly Dawn Southard, a pro se pretrial detainee, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I. BACKGROUND

Petitioner, a pretrial detainee at the Alvin S. Glenn Detention Center (also known as the Richland County Detention Center), appears to be challenging her pending criminal charges. Records from Richland County indicate Petitioner was arrested in May 15, 2024, and has two pending charges of criminal sexual conduct with a minor (case number 2024A4010600039, indictment number 2025GS4000322 and case number 2024A4010600042, indictment number 2025GS4000325) and three charges of unlawfully placing a child at risk of or causing harm or willfully abandoning the child (case number 2024A4010600040, indictment number 2025GS4000323; case number 2024A4010600041, indictment number 2025GS4000324; and case number 2024A4010600043, indictment number 2025GS4000326). All charges were true bill indicted on February 26, 2025. Petitioner is currently represented by counsel as to all five criminal charges. *See* Richland County Fifth Judicial Circuit Public Index,

https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Oct. 27, 2025).[1]

Petitioner's ground for relief is that her right to a speedy trial is being denied. ECF No. 1 at 7. She requests that the state court release her effective immediately. *Id.* at 7.

## II.    STANDARD OF REVIEW

A pro se habeas petition is reviewed pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court, 28 U.S.C. § 2254;[2] the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983). The Court is charged with screening Petitioner's lawsuit to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of liberal construction does not mean that the court can ignore a clear

---

[1] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).
[2] The Rules Governing Section 2254 are applicable to habeas actions brought under 28 U.S.C. § 2241 (§ 2241). *See* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.

failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.   DISCUSSION

Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)). Generally, however, "'[a]n attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cnty.*

*Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner is a pretrial detainee as to the challenged criminal charges such that the first prong of the abstention test is satisfied. *See Boyd v. South Carolina*, No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012), *report and recommendation adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012) (noting the first prong of the abstention test is satisfied where the petitioner "is currently awaiting trial in an ongoing state criminal proceeding"). The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief[,]" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Because Petitioner is pretrial detainee and is challenging pending criminal charges, this case meets all criteria for abstention under *Younger*, and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. State of La.*, 816 F.2d 220, 224-226 (5th Cir. 1987)*; see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *cf. Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because the

"very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.*; *see generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226–227.

Petitioner may raise her claims as to her pending charges in state court. She does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. As Petitioner can pursue claims as to any pending criminal charge in state court both during and after trial, she fails to demonstrate "special circumstances," or to show that she has no adequate remedy at law and will suffer irreparable injury if denied her requested relief. *See Younger*, 401 U.S. at 43–44; *see also Holmes v. Grant*, No. 4:22-cv-3459-MGL-TER, 2022 WL 19331394, at *1–2 (D.S.C. Nov. 2, 2022) (finding no extraordinary circumstances where petitioner argued that his criminal proceedings were not being conducted in a timely manner*), report and recommendation adopted*, 2023 WL 2717362 (D.S.C. Mar. 30, 2023). Petitioner is therefore precluded from federal habeas relief at this time, and the Petition should be summarily dismissed.

## IV.    RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Petition in this action be **DISMISSED** without prejudice and without requiring Respondent to file a return.

**Petitioner's attention is directed to the important notice on the next page.**

*/s/ Molly H. Cherry*
Molly H. Cherry
United States Magistrate Judge

October 29, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).