IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kimberly Dawn Southard,<br><br>        Petitioner,<br>   v.<br><br>Major Jovan Haines, Director of the Alvin S. Glenn Detention Center,<br><br>        Respondent. | Case No. 9:25-cv-11913-RMG<br><br>**ORDER AND OPINION** |

    This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) without prejudice and without requiring Respondent to file a return. (Dkt. No. 7). Petitioner did not file a response to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the Petition.

**I.**   **Background**

    Petitioner, a pretrial detainee proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. (Dkt. No. 1 at 1). Petitioner appears to be challenging pending state criminal charges. (Dkt. No. 7 at 2). Petitioner's ground for relief is that her right to a speedy trial is being denied. (Dkt. No. 1 at 7).

    The Magistrate Judge issued a R & R recommending the Petition be dismissed. (Dkt. No. 7). Petitioner did not respond to the Magistrate Judge's R & R. The matter is now ripe for the Court's review.

**II.**   **Legal Standard**

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

1

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow if "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

A state prisoner may bring a pretrial petition for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2241. *See U.S. v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (finding that § 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). However, the Court should abstain from interfering with pending state court proceedings when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994); *see also Younger v. Harris*, 401 U.S. 37 (1971).

As the Magistrate Judge correctly determined, the abstention doctrine of *Younger v. Harris* prohibits interference with state criminal proceedings except in the most extraordinary circumstances. The Court agrees with the Magistrate Judge that all three criteria for abstention under *Younger* are met. Petitioner has not shown that her case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to *Younger* abstention and necessitate federal intervention. *Gilliam v. Foster*, 75 F.3d 881, 901 (4th Cir.1996); *see also Moore v. DeYoung*, 515 F.2d 437, 446 (3d Cir.1975) ("We are not prepared to hold that…the alleged denial of Moore's right to a speedy trial, constitutes such 'extraordinary circumstances' as to require federal intervention prior to exhaustion of state court remedies.").

Accordingly, the Court adopts the R & R as the order of the Court and dismisses the Petition.

IV.   **Certificate of Appealability**

The governing law provides:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

*Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is denied.

**V.    Conclusion**

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 7) is **ADOPTED** as the order of the Court, and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

                                                   s/ Richard Mark Gergel
                                                   Richard Mark Gergel
                                                   United States District Judge

November 21, 2025
Charleston, South Carolina